No. 25-30135

# In the United States Court of Appeals for the Fifth Circuit

Ternell L. Brown,
*Plaintiff – Appellee*

v.

Matthew Wallace, In his individual capacity; Katherine Alvarado; Troy
Lawrence, Jr., In his individual capacity,
*Defendants - Appellants*

On Appeal from United States District Court
for the Middle District of Louisiana
Civil Action No. 3:23-CV-1313

## BRIEF OF APPELLANT, TROY LAWRENCE, Jr.

Respectfully submitted:

s/Brian Francis Blackwell

_____

Brian F. Blackwell (18119)
**BLACKWELL & BULLMAN, LLC**
8322 One Calais Avenue
Baton Rouge, Louisiana 70809
Telephone:  (225) 769-2462
E-mail:     brian@blackwell-bullman.com
*Counsel for Appellant, Troy Lawrence, Jr.*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th C$_{IR}$ Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| Ternell Brown | Ryan Thompson, Baton Rouge, LA<br><br>Jessica Hawkins, Baton Rouge, LA.<br><br>Rodney S. Diggs of Ivie McNeill Wyatt Purcell & Diggs, APLC, Los Angeles, CA. |

| Appellants: | Counsel for Appellants: |
|---|---|
| Katherine Alvarado | John Thomas, Alejandro Perkins, and Marissa Batiste of Hammonds, Sills, Adkins, Guice, Noah & Perkins, L.L.P. Baton Rouge, LA. |
| Troy Lawrence, Jr. | Brian F. Blackwell and James R. Bullman of Blackwell & Bullman, L.L.C. Baton Rouge, LA. |
| Matthew Wallace | Chase Tettleton, Stephen Babcock, and Adrian Smith of Babcock Partners, L.L.C. Baton Rouge, LA. |

| Other Interested Parties: | Counsel for Interested Parties: |
|---|---|
| City of Baton Rouge/Parish of East Baton Rouge (Defendant in district court proceedings) | Michael P. Schillage, and Kenneth M. Willis of the Office of the East Baton Rouge Parish Attorney, Baton Rouge, LA. |

ii

| Other Interested Parties: | Counsel for Interested Parties: |
|---|---|
| Murphy Paul, in his individual and official capacities (former Chief of the Baton Rouge Police Department and Defendant in district court proceedings, recently dismissed without prejudice) | Michael S. Walsh and Grant Willis of Taylor Porter, Brooks & Phillips, Baton Rouge, LA. |

s/Brian Francis Blackwell

_____
Brian F. Blackwell (18119)
Attorney of record for Appellant,
Troy Lawrence, Jr.

# **STATEMENT REGARDING ORAL ARGUMENT**

In accordance with 5th C<sub>IR</sub>. R. 28.2.3 and FED. R. APP. P. 34(a)(1), Counsel for Appellant, Troy Lawrence, Jr., respectfully requests oral argument. This appeal raises important questions about the level of "personal involvement" required for impose liability under 42 U.S.C. § 1983.

# TABLE OF CONTENTS

Contents                                                                        Page(s)

CERTIFICATE OF INTERESTED PERSONS ....................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ........................................... iv

TABLE OF CONTENTS............................................................................................v

TABLE OF AUTHORITIES ..................................................................................1

JURISDICTIONAL STATEMENT ........................................................................4

STATEMENT OF THE ISSUES.............................................................................5

STATEMENT OF THE CASE.................................................................................6

SUMMARY OF THE ARGUMENT ....................................................................10

ARGUMENT ........................................................................................................11

CONCLUSION......................................................................................................20

CERTIFICATE OF SERVICE ..............................................................................21

CERTIFICATE OF COMPLIANCE.....................................................................22

# TABLE OF AUTHORITIES

## Statutes and Rules

### United States Code

28 U.S.C. § 1291 ................................................................................4
42 U.S.C. § 1983 ................................................................ iv, 5, 12, 15

### Federal Rules of Appellate Procedure

FED. R. APP. P. 25(b) ........................................................................21
FED. R. APP. P. 25(c) ........................................................................21
FED. R. APP. P. 28(i) .........................................................................19
FED. R. APP. P. 32(a)(5) ...................................................................22
FED. R. APP. P. 32(a)(6) ...................................................................22
FED. R. APP. P. 32(a)(7)(B) ..............................................................22
FED. R. APP. P. 32(f) .........................................................................22
FED. R. APP. P. 34(a)(1) ....................................................................iv

### Fifth Circuit Rules

5th CIR Rule 28.2.1 .............................................................................. ii
5th CIR. R. 28.2.3 ................................................................................iv
5th CIR. R. 32.1 ..................................................................................22

### Federal Rules of Civil Procedure

Fed. R. Civ. P. 8 ..........................................................................11, 12

## Cases

*Anderson v. Estrada*,
    140 F.4th 634 (5th Cir. 2025) ................................................4, 11

*Ashcroft v. al-Kidd*,
    563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011) ....................17

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 (2009) ....................................................................11, 12

*Bazan ex rel. Bazan v. Hidalgo County*,
    246 F.3d 481, 489 (5th Cir. 2001) .............................................................18

*Behrens v. Pelletier*,
    516 U.S. 299, 309, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) ........................18

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 570 (2007) .............................................................................11

*Creamer v. Porter*,
    754 F.2d 1311 (5th Cir. 1985) ............................................................... 13-14

*Delaughter v. Woodall*,
    909 F.3d 130 (5th Cir. 2018) .......................................................................12

*District of Columbia v. Wesby*,
    583 U. S. 48, 138 S.Ct. 577, 589, 199 L.Ed.2d 453 (2018) ...................16, 17

*Hale v. Townley*,
    45 F.3d 914 (5th Cir. 1995) .........................................................................19

*Malley v. Briggs*,
    475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) ...........................16, 17

*Melear v. Spears*,
    862 F.2d 1177 (5th Cir. 1989) .....................................................................13

*Mitchell v. Forsyth*,
    472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) ...........................4, 18

*Pearson v. Callahan*,
    555 U.S. 223 (2009)...........................................................................16, 17, 18

*Porter v. Epps*,
    659 F.3d 440 (5th Cir. 2011) .......................................................................18

*Randle v. Lockwood*,
    666 Fed.Appx. 333 (5th Cir. 2016) ................................................................18

*Saucier v. Katz*,
    533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ..............................17

*Schultea v. Wood*,
    47 F.3d 1427 (5th Cir. 1995) ........................................................................18

*Thompson v. Steele*,
    709 F.2d 381 (5th Cir. 1983) ........................................................................12

*Tuttle v. Sepolio*,
    68 F.4th 969 (5th Cir. 2023) ........................................................................12

*Whitley v. Hanna*,
    726 F.3d 631 (5th Cir. 2013) ..................................................................13, 19

*Ziglar v. Abbasi*,
    582 U.S. 120, 137 S. Ct. 1843, 198 L.Ed.2d 290 (2017) .................15, 16, 17

# JURISDICTIONAL STATEMENT

This court has jurisdiction over this appeal because "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Anderson v. Estrada*, 140 F.4th 634 (5th Cir. 2025) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817 (1985)).

By *Ruling and Order on Lawernce's Motion to Dismiss* entered on February 19, 2025, the district court denied the motion to dismiss filed on behalf of Troy Lawrence, Jr.[1] Officer Lawrence timely filed a *Notice of Interlocutory Appeal* on March 18, 2025.[2]

---

[1] ROA.954-967.

[2] ROA.985-986.

# <u>STATEMENT OF THE ISSUES</u>

1.    Whether the district court erred in refusing to dismiss Plaintiff's §1983 claims against Officer Lawrence for qualified immunity based upon his lack of personal involvement in any alleged violation of her constitutional rights.

2.    Whether, under the circumstances, Officer Lawrence is entitled to qualified immunity because of the failure of Plaintiff's claims against Det. Wallace and Officer Alvarado?

## STATEMENT OF THE CASE

### A.     Procedural Background

On September 18, 2023, Plaintiff, Ternell L. Brown ("Plaintiff") initiated these proceedings by *Complaint with Jury Demand*.[3] On February 21, 2024, Plaintiff filed an *Amended Complaint with Jury Demand*.[4] On April 10, 2024, Plaintiff filed a *Second Amended Complaint with Jury Demand* (hereinafter the "*Second Amended Complaint*").[5]

Named as Defendants in the *Second Amended Complaint* are Officer Troy Lawrence, Jr. ("Officer Lawrence"), Officer Matthew Wallace ("Det. Wallace"), Katherine Alvarado ("Officer Alvarado"), the Baton Rouge Police Department, the City of Baton Rouge, the Parish of East Baton Rouge and "BRPD OFF. JOHN DOE." Plaintiffs seek judgment "against all Defendants jointly, severally, and/or *in solido* and that said judgment is in excess of three million dollars ($3,000,000) including interest, delay damages, costs of suit, attorneys fees, general and specific damages, punitive and exemplary damages and any other damages as provided by law. Further, the Plaintiff respectfully requests that this court issue an injunction to

---

[3] ROA.20-55.

[4] ROA.257-296.

[5] ROA.667-707.

enjoin Defendants from violating the Fourth Amendment, as specified above in the prayer for relief."[6]

Officer Lawernce filed a motion to dismiss the *Second Amended Complaint*.[7] By *Ruling and Order on Lawernce's Motion to Dismiss* entered on February 19, 2025, the district court denied the motion to dismiss filed on behalf of Troy Lawrence, Jr.[8] Officer Lawrence timely filed a *Notice of Interlocutory Appeal* on March 18, 2025.[9]

### B. <u>Factual Background</u>

The *Second Amended Complaint* alleges that on June 10, 2023 a vehicle was stopped by Det. Wallace who was patrolling on Plank Road in Baton Rouge, Louisiana.[10] Plaintiff alleges that Det. Wallace ordered Plaintiff and her husband to exit the vehicle.[11] Plaintiff alleges that upon exiting the vehicle Officer Lawrence

---

[6] <u>ROA.706-707</u>.

[7] <u>ROA.746-747</u>.

[8] <u>ROA.954-967</u>.

[9] <u>ROA.985-986</u>.

[10] <u>ROA.671</u> (¶¶ 5-7).

[11] <u>ROA.671</u> (¶ 10).

ordered her to put her hands behind her back, placed her in handcuffs, and instructed her to stand beside his vehicle.[12]

Plaintiff alleges that Det. Wallace searched the vehicle without the consent of Plaintiff or her husband and without a warrant.[13]

Plaintiff alleges that, during the search, Det. Wallace "discovered several bottles of prescription medication" and that both Det. Wallace and Officer Lawrence advised her that "she was not allowed to carry multiple prescriptions in the same bottle."[14]

Plaintiff alleges Det. Wallace and Officer Lawrence ordered her into a "BRPD vehicle driven by BRPD OFFICER JOHN DOE" for transport to "the BRAVE Cave."[15] Plaintiff specifically alleges that Officer Lawrence "drove to the BRAVE Cave separately" from Plaintiff and Officer Doe.[16] Plaintiff alleges that the reason that she was transported to "the BRAVE Cave" was because the officers "suspected she might be involved in illegal drug activity."[17]

---

[12] ROA.671 (¶ 12-13).

[13] ROA.671 (¶ 14).

[14] ROA.671-672 (¶¶ 16, 18).

[15] ROA.672 (¶¶ 23).

[16] ROA.672 (¶¶ 23).

[17] ROA.672-673 (¶ 25).

While at "the BRAVE Cave," Plaintiff alleges that at the request of Det. Wallace and Officer Lawrence, Officer Alvarado subjected her to strip and body cavity searches.[18] Plaintiff alleges that, ultimately, she was released without being charged with a crime.[19]

The facts alleged in the *Second Amended Complaint* clearly establish that Officer Lawrence: (1) did not stop the vehicle, (2) did not search the vehicle, (3) did not transport Plaintiff, and (4) did not search Plaintiff. At best, the *Second Amended Complaint* plausibly alleges that Officer Lawrence handcuffed Plaintiff, ordered Plaintiff to stand beside his vehicle, and instructed Plaintiff to get into the vehicle being driven by Officer Doe.

---

[18] ROA.673 (¶ 31); ROA.703 (¶ 175).

[19] ROA.673 (¶ 33)

# SUMMARY OF THE ARGUMENT

This court reviews *de novo* the district court's denial of a Rule 12(b)(6) motion to dismiss for failure to state a claim.

Personal involvement is an essential element of demonstrating liability under §1983. "Personal involvement" requires that an officer be a full, active participant in the constitutional violation, not a mere bystander. Liability will not attach where an officer is not present at the scene of the constitutional violation. Officer Lawrence had limited participation in the interactions with Plaintiff on the day in question. He (a) **<u>did not</u>** stop the vehicle in which Plaintiff was a passenger, (b) **<u>did not</u>** search the vehicle, (c) **<u>did not</u>** transport Plaintiff, and (d) he **<u>did not</u>** search Plaintiff. Officer Lawrence was nothing more than a "mere bystander".

Because the *Second Amended Complaint* fails to allege an essential element of Plaintiff's claims against Officer Lawrence - personal involvement – it fails to state a claim against Officer Lawrence upon which relief may be granted.

Qualified immunity protects Officer Lawrence from liability if his conduct does not violate clearly established statutory or constitutional rights. His purported liability is inextricably interrelated with whether Det. Wallace and Officer Alvarado violated Plaintiff's constitutional rights(which is denied). Thus, Officer Lawrence incorporates by reference the arguments made by Det. Wallace and Officer Alvardo in their briefs pursuant to Rule 28(i) of the Federal Rules of Appellate Procedure.

10

# ARGUMENT

### A.    Standard of Review

This court reviews *de novo* the district court's denial of a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Anderson v. Estrada*, 140 F.4th 634, 641 (5th Cir. 2025).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[20] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires **more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do**." *Twombly*, 550 U.S. at 555 (emphasis added). While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors

---

[20] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, <u>556 U.S. at 678-79</u>.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id*. at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id*. (quoting <u>Fed. R. Civ. P. 8(a)(2)</u>).

**B.** **The district court erred in refusing to dismiss Plaintiff's §1983 claims against Officer Lawrence for qualified immunity based upon his lack of personal involvement in any alleged violation of her constitutional rights.**

In *Tuttle v. Sepolio*, <u>68 F.4th 969, 975</u> (5th Cir. 2023), this Court reaffirmed the longstanding principle that "[p]ersonal involvement is an essential element" of demonstrating liability under §1983. Citing *Delaughter v. Woodall*, <u>909 F.3d 130, 137</u> (5th Cir. 2018) (quoting *Thompson v. Steele*, <u>709 F.2d 381, 382</u> (5th Cir. 1983)).

"Personal involvement" requires that an officer be "a full, active participant in the [constitutional violation], not a mere bystander." *Melear v. Spears*, 862 F.2d 1177, 1186 (5th Cir. 1989). "[L]iability will not attach where an officer is not present at the scene of the constitutional violation." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013).

In *Whitely*, the court held:

> Whitley has failed to state a claim against Bullock because she has not alleged that he was in Ariaz's presence when Ariaz was sexually abusing Whitley. As a result, Bullock is not within the scope of a bystander liability claim. Even were we merely to require knowledge, Bullock still would not be liable because he acted reasonably in entrusting Hanna with investigating and arresting Ariaz.

*Whitley*, 726 F.3d at 646.

In *Creamer v. Porter*, 754 F.2d 1311 (5th Cir. 1985), the court affirmed the dismissal of the claims against Deputy Austin who the court categorized as a "bystander" based upon the following facts:

> Deputy Austin was dispatched to Creamer's Used Furniture by the Caddo Parish Sheriff's Office and arrived shortly before the search of the premises commenced. Austin remained on the premises for a short time and participated to the extent of recording the serial numbers from a few appliances in the back of the store area. He left to answer another call, and returned only after the entire search had been completed. When he returned to the premises the items seized were being loaded into the paddy wagon. Austin at no time entered any area other than the business premises where the two television sets were found. He did not personally seize any items, and did

13

> not participate in the removal of items from the premises. Given his limited participation and knowledge as to the extent of the search during his absence, we agree with the district court that he was really only a "bystander". The dismissal of the claims against him was proper.

*Creamer*, 754 F.2d at 1316.

Similarly, in the present case, Officer Lawrence had limited participation in the interactions with Plaintiff on the day in question. It is alleged that he arrived at the scene of the traffic stop to "assist" Det. Wallace.[21] He **did not** stop the vehicle in which Plaintiff was a passenger ("Wallace elected to conduct a traffic stop on the car….").[22] He **did not** search the vehicle ("Wallace searched the vehicle without Mrs. Brown or her husband's consent or a warrant.").[23] He **did not** transport Plaintiff ("Wallace and Lawrence drove to the BRAVE Cave separately and met DOE and Mrs. Brown there.").[24] He **did not** search Plaintiff ("Alvarado examined Mrs. Brown, forced her to spread her vagina and buttocks for inspection, and examined

---

[21] ROA.671 (¶ 9).

[22] ROA.671 (¶ 6).

[23] ROA.671 (¶ 14).

[24] ROA.672 (¶ 24).

her vagina using a flashlight.").[25] Simply stated, Officer Lawrence was nothing more than a "mere bystander".[26]

Plaintiff does not allege that Officer Lawrence was in Officer Alvarado's presence when she searched Plaintiff and Plaintiff has failed to allege that Officer Lawrence acted unreasonably in entrusting Plaintiff to Officer Alvarado's care.

The *Second Amended Complaint* fails to allege an essential element of Plaintiff's claims against Officer Lawrence – personal involvement. The lack of personal involvement of Officer Lawrence in any alleged violation of Plaintiff's constitutional rights is fatal to her claims against him pursuant to §1983. He is entitled to qualified immunity. The district court erred in not dismissing Plaintiff's claims against Officer Lawrence.

### C.    Under the circumstances, Officer Lawrence is entitled to qualified immunity because of the failure of Plaintiff's claims against Det. Wallace and Officer Alvarado.

As the Supreme Court recognized in *Ziglar v. Abbasi*, 582 U.S. 120, 137 S. Ct. 1843, 198 L.Ed.2d 290 (2017):

---

[25] ROA.673 (¶ 31).

[26] It should be noted that Plaintiff has not alleged a "bystander liability" claim against Officer Lawrence, despite having amended her complaint on two occasions. As noted by the district court, "Plaintiff raises in her opposition certain claims for a criminal conspiracy and bystander liability. These claims are not expressly made in the [second amended complaint] and are thus not properly before the Court." ROA.966.

The qualified immunity rule seeks a proper balance between two competing interests. On one hand, damages suits "may offer the only realistic avenue for vindication of constitutional guarantees." "On the other hand, permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." As one means to accommodate these two objectives, the Court has held that Government officials are entitled to qualified immunity with respect to "discretionary functions" performed in their official capacities. The doctrine of qualified immunity gives officials "breathing room to make reasonable but mistaken judgments about open legal questions."

*Ziglar*, 137 S. Ct. at 1867 (citations omitted).

Qualified immunity protects public officials from liability if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). Requiring the alleged violation of law to be "clearly established" "balances … the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id*.

The Supreme Court has repeatedly explained that qualified immunity protects "'all but the plainly incompetent or those who knowingly violate the law.'" *District of Columbia v. Wesby*, 583 U. S. 48, 138 S.Ct. 577, 589, 199 L.Ed.2d 453 (2018)

16

(quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).

"To determine whether a given officer falls into either of those two categories, a court must ask whether it would have been clear to a reasonable officer that the alleged conduct 'was unlawful in the situation he confronted.' If so, then the defendant officer must have been either incompetent or else a knowing violator of the law, and thus not entitled to qualified immunity. If not, however - i.e., if a reasonable officer might not have known for certain that the conduct was unlawful - then the officer is immune from liability." *Ziglar v. Abbasi*, 582 U.S. 120, 137 S. Ct. 1843, 1867, 198 L.Ed.2d 290 (2017)(citation omitted).

The Supreme Court has also repeatedly told courts not to define clearly established law at too high a level of generality. See, e.g., *Ashcroft v. al-Kidd*, 563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011). It is not enough that a rule be suggested by then-existing precedent; the "rule's contours must be so well defined that it is 'clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Wesby*, 583 U. S., at ---, 138 S.Ct., at 590 (quoting *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

To overcome qualified immunity, the plaintiff must allege facts showing (1) "a violation of a constitutional right," and (2) that "the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 555 U.S. at

232. A right is clearly established if "it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) (alteration adopted) (citation omitted).

Like sovereign immunity, qualified immunity provides "immunity from suit rather than a mere defense to liability." *Pearson*, 555 U.S. at 237 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). For that reason, qualified immunity questions should be resolved at the earliest possible stage in litigation to protect officials not only from unwarranted liability but also from "costly, time-consuming, and intrusive" pre-trial discovery. *Randle v. Lockwood*, 666 Fed.Appx. 333, 335-36 (5th Cir. 2016)(citations omitted).

When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. See *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001). When the defense of qualified immunity is raised in a Rule 12(b)(6) motion, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness'." *Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). The plaintiff must support his claim with "sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995)(*en banc*).

18

If Plaintiff's underlying claims against Det. Wallace and Officer Alvarado fail, Plaintiff's claims against Officer Lawrence (who was much less involved) also fail. *See Whitley v. Hanna*, 726 F.3d 631, 648-49 (5th Cir. 2013); *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).[27] Thus, the purported liability of Officer Lawrence is inextricably interrelated with the question of whether Det. Wallace and Officer Alvarado violated the constitutional rights of Plaintiff (which is denied). For that reason, Officer Lawrence respectfully incorporates by reference the arguments made by Det. Wallace and Officer Alvardo in their briefs pursuant to Rule 28(i) of the Federal Rules of Appellate Procedure.

---

[27] This would include any as of yet unalleged claim for bystander liability or conspiracy

## **CONCLUSION**

The district court erred in denying Officer Lawernce's motion to dismiss. Officer Lawrence is entitled to qualified immunity with respect to Plaintiff's claims. The complaint fails to allege the requisite personal involvement of Officer Lawrence in any alleged violation of Plaintiff's constitutional rights. In addition, because neither Det. Wallace nor Officer Alvarado violated Plaintiff's constitutional rights, Officer Lawrence, who was merely a bystander, cannot be subjected to liability. For the reasons more fully articulated above and in the briefs of Det. Wallace and Officer Alvarado, Officer Lawrence respectfully requests that this Court reverse the district court's order denying his motion to dismiss and render judgment dismissing all claims against him on the basis of qualified immunity.

Respectfully submitted:

s/Brian Francis Blackwell

_____

Brian F. Blackwell (18119)
**BLACKWELL & BULLMAN, LLC**
8322 One Calais Avenue
Baton Rouge, Louisiana 70809
Telephone:  (225) 769-2462
E-mail:     brian@blackwell-bullman.com

# **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Brief of Appellant, Troy Lawrence, Jr. has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure, on August 11, 2025, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

*s/Brian Francis Blackwell*

_____

Brian F. Blackwell (18119)

# CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1:  this document contains 4100 words.

2.      This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because:

> this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font named Time New Roman.

s/Brian Francis Blackwell

_____

Brian F. Blackwell (18119)